IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JACOB ANDREW BERGERON, Plaintiff, | : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : | CIVIL ACTION NO. 1:10-CV-2498-TWT |
| AARON M. CLARK, Conflict Attorney; DAVID MCDADE, District Attorney of Douglas County, Defendants. | : : : : : : | |

## ORDER AND OPINION

Plaintiff, Jacob Andrew Bergeron, who is currently incarcerated at the Douglas County Jail in Douglasville, Georgia, has filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. For the purpose of dismissal only, Plaintiff's request to proceed in forma pauperis [Doc. 2] is **GRANTED**, and the matter is presently before the Court for a 28 U.S.C. § 1915A review.

I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim

is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint

2

AO 72A
(Rev.8/82)

because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

II. Plaintiff's Allegations

Plaintiff sues attorney Aaron M. Clark and district attorney David McDade, challenging his criminal proceedings in state court. According to Plaintiff, Defendants are conspiring to violate his rights by refusing to file non-frivolous challenges and motions in his state criminal proceedings. Plaintiff further contends that he has not been informed of the contents of a superceding indictment and that his speedy trial rights have been violated. Plaintiff alleges that he is a victim of selective prosecution, and he seeks damages and appointment of new counsel in his state criminal case.

III. Discussion

Plaintiff's challenge to his state criminal proceedings cannot be brought in this § 1983 action. A habeas corpus petition is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). Thus, Plaintiff must seek habeas corpus relief.

However, this Court will not construe Plaintiff's complaint as a habeas corpus petition since it appears that Plaintiff's state criminal proceedings are ongoing. The Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), held that, except in extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. Younger, 401 U.S. at 53-54; Maharaj v. Sec'y for Dep't of Corr., 304 F.3d 1345, 1348 (11th Cir. 2002). If the relief sought would disrupt the state criminal proceeding, it is generally prohibited by the Younger doctrine. In the instant case, it appears that Plaintiff's state criminal proceedings are ongoing. Thus, this Court must abstain from interfering in Plaintiff's state criminal action.

Extraordinary circumstances may justify intervention in a situation where a petitioner alleges great, immediate and irreparable injury or flagrant violation of an express constitutional prohibition. See Younger, 401 U.S. at 46. However, Plaintiff has not alleged irreparable injury or a flagrant violation of his rights. Thus, his complaint is subject to dismissal.

To the extent Plaintiff seeks damages for his alleged unconstitutional state criminal proceedings, his action is premature. In Heck v. Humphrey, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated

4

AO 72A
(Rev.8/82)

that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Plaintiff's § 1983 claims have not yet accrued because he has not yet been convicted, much less had his conviction or sentence invalidated. Therefore, his claim for damages must fail.

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action be **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this __1__ day of __October__, 2010.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)